PAULA CANNY, SBN 96339
Law Offices of Paula Canny
840 Hinckley Road, Suite 101
Burlingame, CA 94010
Telephone: (650) 652-7862
Facsimile: (650) 652-7835

Attorney for Plaintiff
CORAL ERIN MARTIN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORAL ERIN MARTIN<br><br>Plaintiff,<br>v.<br><br>SAN LUIS OBISPO COUNTY, a municipal corporation; SHERIFF IAN PARKINSON, in his individual and official capacities; the SAN LUIS OBISPO COUNTY SHERIFF'S DEPARTMENT, UNDER TIM OLIVAS, in his individual and official capacities, SAN LUIS OBISPO COUNTY DEPARTMENT OF PUBLIC HEALTH, JEFF HAMM, individually and in his official capacity, DR. MARIA ILANO, individually and in her official capacity, the CITY OF MORRO BAY, the MORRO BAY POLICE DEPARTMENT, GIAN LUCA METTIFOGO, individually and in his official capacity and DOES 1 through 100, individually, jointly and severally,<br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**(42 USC § 1983)**<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFF CORAL ERIN MARTIN complains of Defendants and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in San Luis Obispo County, which is within this judicial district.

## PARTIES

2. Plaintiff, CORAL ERIN MARTIN resides in the City of Los Osos in San Luis Obispo County, California.

3. Defendant SAN LUIS OBISPO COUNTY (SLO COUNTY) is a municipal corporation duly organized and existing under the laws of the State of California. Under its authority SLO COUNTY operates the San Luis Obispo County Sheriff's Department which operates the SLO COUNTY jail. Under its authority SLO COUNTY also operates the SLO COUNTY Department of Public Health, which operates the Psychiatric Health Unit (PHF).

4. At all times mentioned herein Defendant IAN PARKINSON (PARKINSON) was employed by Defendant SLO COUNTY as Sheriff for SLO COUNTY. He is being sued in his official capacity as Sheriff for SLO COUNTY.

5. At all times mentioned herein Defendant JEFF HAMM (HAMM) was employed by Defendant SLO COUNTY as the Director of Public Health. He is being sued in his official capacity as Director of Public Health for SLO COUNTY.

6. At all times mentioned herein, Defendant MARIE ILANO (ILANO) was employed by Defendant SLO COUNTY Department of Public Health. She is being sued in her official capacity as Physician and Supervisor within the Department of Public Health for SLO COUNTY.

7. Defendant City of Morro Bay (MORRO BAY) is a public entity organized and existing pursuant to the laws of the State of California. Under its authority MORRO BAY operates the Morro Bay Police Department.

8. At all times mentioned herein, Defendant GIAN LUCA METTIFOGO was an employee of the Morro Bay Police Department and on duty and acting in his capacity as a Peace Officer.

9. Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 100, inclusive, and therefore sues the Defendants by such fictitious names. Plaintiffs are informed and believe and thereon alleges that each of the Defendants so named is responsible in some matter for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend their complaint to state the names and capacities of DOES 1-100, inclusive, when they have been ascertained.

10. Plaintiff is informed and believes and there on alleges that each of the Defendants was at all material times an agent, a servant, an employee, a partner, joint venture, co-conspirator, and/or alter-ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that employment. Plaintiff is further informed and believes and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

11. The acts and/or omissions of all Doe Defendants is set forth herein were at all material times pursuant to the actually customs, policies, practices and procedures of SLO COUNTY, MORRO BAY, and the SLO COUNTY SHERIFF'S DEPARTMENT, and/or the SLO COUNTY DEPARTMENT OF HEALTH PUBLIC, SLO COUNTY PHF. At all material times, each Defendant

acted under color of the laws, statutes, ordinances, and regulations of the State of California.

12. This complaint may be plead in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

## STATEMENT OF FACTS

13. On March 20, 2016 Plaintiff was manifesting symptoms of her normally controlled mental illness. Plaintiff was in the City of Morro Bay, in San Luis Obispo County, California having a disassociative event resulting from her well documented and diagnosed mental illness.

14. Morro Bay Police Officers responded to the area where Plaintiff was in response to reports of an altercation in a McDonald's parking lot, a hit and run, and erratic driving.

15. Morro Bay Police Officers found Plaintiff near a vehicle at 354 Quintana Road, Morro Bay California.

16. Morro Bay Police Officer Defendant METTIFOGO arrested Plaintiff and subsequently booked Plaintiff into the Defendant SLO County Jail. At this time Plaintiff was suffering an obvious psychotic health crisis. Morro Bay Defendant Officer METTIFOGO did not take Plaintiff to a hospital for medical clearance, thereby placing Plaintiff in a state created position of danger which she would not have otherwise faced. (Kennedy v Ridgefield City (9th Cir 2006) 439 F.3d 1055.) By not bringing Plaintiff to a psychiatric facility, and instead bringing her to jail, Defendant Officer METTIFOGO placed Plaintiff's health in danger.

17. At booking Plaintiff's mental health crisis was apparent. Plaintiff was told she should be placed in the Defendant's SLO County Psychiatric Health Unit (PHF). Defendants said there was no space available in the PHF Unit so she would be booked into the jail.

///

18. Plaintiff's mother is a registered nurse. Plaintiff's mother tried to telephone Defendant SLO County Jail to give information about Plaintiff's illness and Plaintiff's required medications.

19. On March 20, 2016, Plaintiff's mother drove to the Defendant's SLO COUNTY JAIL. Plaintiff's mother dropped off all four of Plaintiff's medications. All four medications were properly labeled and in their original prescription containers. Plaintiff's mother informed the Defendants employees that three of the medications were psychiatric medications, and the fourth one was a critical body hormone, specially compounded for Plaintiff. Plaintiff's mother informed the Defendant's employees that it was dangerous to Plaintiff's health to miss any doses. Despite having access to the medication and the knowledge that it was a serious health risk to miss a dose, Defendants did not administer Plaintiff's medication to Plaintiff medication on March 20, 2016.

20. Defendant SLO County Sheriff's Personnel then placed Plaintiff in inappropriate housing, which further worsened Plaintiff's mental health crisis. Plaintiff complained.

21. Defendant SLO County Sheriff's Personnel then placed Plaintiff in isolation and did not provide proper medical treatment to Plaintiff.

22. The next day, March 21, 2016, a physician employed by the Defendant SLO County decided Plaintiff could have only 2 of the 4 medications Plaintiff's treating physician prescribed. Defendant Doctor refused to provide Plaintiff with the compounded body hormone. Consequently Plaintiff spontaneously started menstruating. Defendant SLO County did not provide tampons to Plaintiff. The other medication Defendant's Doctor refused to provide Plaintiff has severe withdrawal symptoms when use is abruptly discontinued. Plaintiff suffered the severe withdrawal symptoms, including vomiting and disorientation.

23. Plaintiff got worse and worse. Plaintiff vomited repeatedly. Plaintiff vomited any food or drink. Plaintiff became increasingly ill, isolated, confused, tachycardic

and dehydrated. Plaintiff was not provided tampons. Plaintiff was held alone and naked in solitary confinement, and Plaintiff got worse.

24. After several days in the Defendant's solitary maximum security isolation cell, Plaintiff had decompensated to the point that Defendant SLO County Sheriff's personnel moved Plaintiff to a "safety cell".

25. The "safety cell" has no bed, no chair, and no toilet. It has a hole in the ground. Plaintiff was naked, menstruating, vomiting, disoriented, and hallucinating. Plaintiff was not provided menstruation sanitary products, or hygiene products like toilet paper.

26. Plaintiff decompensated further, smearing menstrual blood and urine on herself. Defendants did not intervene. Plaintiff was obviously gravely disabled, and very ill and Defendants did nothing.

27. Plaintiff decompensated further to the point Plaintiff banged her head on a metal gate, in the "safety cell" causing a concussion and breaking her front teeth.

28. Defendants eventually removed the Plaintiff from the Defendant SLO COUNTY jail and brought the Plaintiff to Sierra Vista Hospital. Sierra Vista diagnosed Plaintiff with a concussion and provided Plaintiff appropriate medication. Plaintiff was returned to jail, brought to court, and ordered released from jail, after pleading no contest to a misdemeanor charge.

29. Plaintiff has information and believes that this incident was administratively reviewed by the Defendant SLO COUNTY. Plaintiff further alleges on information and belief that the conduct and actions of the Defendant SLO county employees herein toward Plaintiff was approved and ratified by final decision makers and/or final policy makers for the Defendant SLO County. The same allegation applies to MORRO BAY.

## STATEMENT OF DAMAGES

30. As a result of the acts and/or omissions of Defendants, and each of them, Plaintiff

suffered and will continue to suffer general damages including pain and suffering, fear, anxiety, humiliation, and emotional distress in an amount to be determined according to proof. Plaintiff also received serious permanent physical injuries which impact her quality of life and daily life activities in an amount to be determined according to proof.

31. Plaintiff has also incurred and will continue to incur medical treatment and psychological treatment and related expenses in amounts to be determined according to proof.

32. Plaintiff has further suffered lost earning capacity, and lost wages in amounts to be determined according to proof.

33. The acts and/or omissions of the individual defendants were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the plaintiff, who seeks punitive and exemplary damages against these individuals according to proof.

34. Plaintiff had to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to recover all attorney's fees incurred in relation to this action pursuant to Title 42 United States Code Section 1988.

## CAUSES OF ACTIONS

### First Cause of Action

[42 U.S.C. §1983 - Fourth Amendment]

35. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

36. Defendants acted under color of law without lawful justification, subjecting Plaintiff to excessive force thereby depriving Plaintiff of certain constitutionally protected rights, including, but not limited to;

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

  b. The right to be free from cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

  WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## Second Cause of Action

[42 U.S.C. §1983 - First Amendment]

37. Plaintiff re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this complaint.

38. Plaintiff complained about Defendants misconduct and being the victim of excessive and unnecessary force, being placed inappropriately, and about not receiving her prescribed and necessary medications.

39. Such complaints by Plaintiff involve matters of public concern and are protected by the First Amendment to the United States Constitution.

  Defendants retaliated against Plaintiff for her complaints.

  Defendants' acts and omissions caused Plaintiff's injuries.

  WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## Third Cause of Action

*[Monell - 42 U.S.C §1983]*

40. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

41. Plaintiff is informed and believes and thereon alleges that high ranking San Luis Obispo County officials, including high ranking supervisors such as Defendant PARKINSON, HAMM, ILANO, DOES 51 through 100, and/or each of them, knew and/or reasonably should have know about repeated acts of abuse, mistreatment, misclassification, failure to provide prescribed medications, among other things. The same allegations applies to MORRO BAY.

42. Despite having such notice, Plaintiff is informed and believe and thereon alleges that Defendants PARKINSON, HAMM and DR. ILANO, Does 51-100, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up,

and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said Defendant's employees including but not limited to deputy sheriffs, public health staff, as well as their supervisorial own misconduct. The same allegations applies to MORRO BAY.

43. Plaintiff is further informed and believe and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by named Defendants and DOES 1-50 and/or each of them, Defendants PARKINSON, HAMM, DR. ILANO, DOES 51-100, and/or each of them, encouraged these Defendant county employees to continue their course of misconduct and caused these Defendant county employees' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

44. Plaintiff further alleges Defendants PARKINSON, HAMM, DR. ILANO, DOES 51-100, and/or each of them, were on notice of the Constitutional defects in their training SLO County employees including, but not limited to, avoiding prolonged isolation in solitary confinement, providing requisite medication, providing sanitary products, food, and water to inmates, as well as defects in staffing of Defendant's facilities, i.e. there is not sufficient staffing, and finally defects in training regarding treatment of inmates suffering from mental illness.

45. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking San Luis Obispo County officials, including high ranking San Luis Obispo County Sheriff's Department and Health Department supervisors, and PHF supervisors, Defendants, PARKINSON, HAMM, DR. ILANO, DOES 51-100, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b.    The right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the United States Constitution.

    c.    The right to speak freely without retribution as guaranteed by the First Amendment to the United States Constitution.

    d.    The right to due process, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

Said rights are substantive guarantees under the First, Fourth, Fifth, Eighth, and/or Fourteenth amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For compensatory and economic damages according to proof;
2. For general damages according to proof;
3. For an award of punitive and exemplary damages against individual defendants according to proof;
4. For an award of attorneys' fees and costs; and
5. For other and further relief as the Court may deem just, necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: March 23, 2018                    Respectfully submitted,
                                              LAW OFFICES OF PAULA CANNY

                                              By: s/Paula Canny
                                                 PAULA CANNY

                                            Attorney for Coral Erin Martin
                                            Email: pkcanny@aol.com

Complaint for Damages - Coral Martin